PROB 12C
Rev (12/98)

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF OHIO

### Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| **Name of Offender:** | **Justin Woleslagle** | Case Number: **3:22CR118** |
| **Name of Sentencing Judicial Officer:** | **The Honorable Michael J. Newman U.S. District Judge** | **25-MJ-581 KBM** |

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

**Date of Original Sentence:** January 9, 2024

**Original Offense:** 
<u>Count 1:</u> **Felon in Possession of a Firearm [18 U.S.C § 922(g)(1) and § 924(a)(2)], a Class C felony**

<u>Count 2:</u> **Social Security Number Fraud [42 U.S.C. § 408(a)(7)(B)], a Class D felony**

**Original Sentence:** **30 months imprisonment on Count 1 and 30 months on Count 2 to be served concurrently, followed by 3 years supervised release on Count 1 and 3 years supervised release on Count 2 to be served concurrently.**

**Type of Supervision: Supervised Release**  **Date Supervision Commenced: November 25, 2024**

**Assistant U.S. Attorneys: Ryan Saunders, Timothy Landry**  **Defense Attorney: Matthew M. Suellentrop**

---

## PETITIONING THE COURT

☒ To issue a Warrant

☐ To issue a Summons

☐ To grant an exception to revocation without a hearing

| <u>Violation Number</u> | <u>Nature of Noncompliance</u> |
|---|---|
| #1 | **Justin Woleslagle allegedly violated the mandatory condition requiring him to refrain from any unlawful use of a controlled substance. On December 2, 2024, Mr. Woleslagle tested positive for Amphetamines and Methamphetamine and on December 13, 2024, Mr. Woleslagle tested positive for Amphetamines, Methamphetamine and Cocaine.** |
| #2 | **Justin Woleslagle allegedly violated the standard condition requiring him to live at a place approved by the probation officer. If you plan to change** |

Case 1:25-mj-00081-KBM Document 1 Filed 03/31/25 Page 2 of 6
Case: 3:25-mj-00011-KBM Doc #: 1 Filed: 03/31/25 Page: 2 of 9

PROB 12C
Rev (12/98)
Re: Woleslagle Justin
Case No: 3:22CR118

2

where you live or anything about your living arrangements, you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. Mr. Woleslagle changed his address in December of 2024, and failed to notify the probation officer.

#3    Justin Woleslagle allegedly violated the standard condition requiring him to report to the probation office as instructed. On January 7, 2025, Mr. Woleslagle failed to report to the probation office as scheduled.

#4    Justin Woleslagle allegedly violated the special condition requiring him to participate in a program of testing, treatment and medication compliance for alcohol and controlled substance abuse, as directed by the U.S. Probation Office. Mr. Woleslagle has failed to engage in treatment at Nova Behavioral Health, missing groups on December 23, 2024, December 26, 2024, and January 2, 2025. Additionally, Mr. Woleslagle missed individual sessions on December 10, 2024, December 27, 2024, and January 2, 2025.

**U.S. Probation Officer Recommendation:**

The term of supervision should be

☒ Revoked

☐ Extended for [ --- ] years, for a total term of [ --- ] years

☐ Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)

☐ The conditions of supervision should be modified as follows:

Respectfully submitted,

*Eric Dern*    1/9/2025

Eric Dern
U.S. Probation Officer
937-512-1477

Reviewed & Approved,

*Laura A. Sebulsky*    1/9/2025

Laura Sebulsky
Supervising U.S. Probation Officer
937-512-1473

Case 1:25-mj-00581-KBM Document 7 Filed 03/31/25 Page 3 of 9
PROB 12C
Rev (12/98)
Re: Woleslagle Justin
Case No: 3:22CR118

3

THE COURT ORDERS:

☐ No Action

☑ **The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest. The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed. (Warrant previously issued on August 4, 2023. Mr. Joshua Fuller is currently in custody at the Shelby County Jail.)**

☐ The Issuance of a Summons

☐ The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.

☐ Other:

*[signature]*
Signature of Judicial Officer

1/10/2025
Date

Sealed Under S. D. Ohio Crim. R. 32.2
Unauthorized Disclosure is Prohibited

PROB 12
(Rev. 3/17)

Case 1:25-mj-00581-KBM Document 27 Filed 03/31/25 Page 4 of 5
Case 3:22-cr-00118-MJN Document 37 Filed 03/17/25 Page 1 of 9

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA

V.  Docket No: **3:22CR118**

**Justin Woleslagle**

### ** SUPERVISED RELEASE VIOLATION REPORT **

| | |
|---|---|
| **Prepared for:** | The Honorable Michael J. Newman<br>United States District Court Judge<br>Southern District of Ohio |
| **Prepared by:** | Eric Dern<br>United States Probation Officer |
| **Original offenses:** | Count 1: Felon in Possession of a Firearm [18 U.S.C § 922(g)(1) and § 924(a)(2)], a Class C felony<br><br>Count 2: Social Security Number Fraud [42 U.S.C. § 408(a)(7)(B)], a Class D felony |
| **Sentencing date:** | January 9, 2024 |
| **Sentence imposed:** | 30 months imprisonment on Count 1 and 30 months on Count 2 to be served concurrently, followed by 3 years supervised release on Count 1 and 3 years supervised release on Count 2 to be served concurrently. |
| **Date supervision commenced:** | November 25, 2024 |
| **Release status:** | Mr. Woleslagle is in the community, and his whereabouts are unknown. |
| **Last known address:** | 7371 Colegrove Drive Dayton, Ohio 45424 |

**Assistant U.S. Attorneys:**

Ryan Saunders
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
ryan.saunders2@usdoj.gov

Timothy Landry
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-2783
timothy.landry@usdoj.gov

**Defense Counsel:**

Matthew M. Suellentrop
409 East Monument Avenue, Suite 400
Dayton, Ohio 45402
937-223-3277
mms@biesergreer.com

**Date Report Prepared: January 7, 2025**

PART A. FACTUAL BASIS FOR VIOLATION BEHAVIOR

**Violation #1:** **Justin Woleslagle allegedly violated the mandatory condition requiring him to refrain from any unlawful use of a controlled substance. On December 2, 2024, Mr. Woleslagle tested positive for Amphetamines and Methamphetamine and on December 13, 2024, Mr. Woleslagle tested positive for Amphetamines, Methamphetamine and Cocaine.**

Mr. Woleslagle also submitted a positive urine screen at Nova Behavioral Health on December 11, 2024, where he tested positive for Norfentanyl, Suboxone, Amphetamines and Methamphetamine. On December 23, 2024, Mr. Woleslagle tested positive for Cocaine at Nova.

**Violation #2:** **Justin Woleslagle allegedly violated the standard condition requiring him to live at a place approved by the probation officer. If you plan to change where you live or anything about your living situation, you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. Mr. Woleslagle changed his address in December of 2024, and failed to notify the probation officer.**

On January 2, 2025, this officer attempted a home visit at Mr. Woleslagle's approved address of 7371 Colegrove Drive, Dayton, Ohio 45424. This officer attempted to reach out to Mr. Woleslagle several times in the days prior to the visit, in order to address his missed sessions at Nova. All calls and text messages went unreturned. This officer made contact with Mr. Woleslagle's roommate, Jessica Gerlach. She informed this officer that Mr. Woleslagle had not been at the residence for a quite a while. Ms. Gerlach approximated that he had been gone for at least two weeks and that she had been unable to get in contact with him. This officer left an order to report at the residence for Mr. Woleslagle to report to the probation office on January 7, 2025, his previously scheduled office visit date.

On December 27, 2024, this officer received an email from Nova Behavioral Health, indicating that they were able to get in touch with Mr. Woleslagle. He informed staff that he was not in Dayton but out of town in Jamestown with friends.

**Violation #3:** **Justin Woleslagle allegedly violated the standard condition requiring him to report to the probation office as instructed. On January 7, 2025, Mr. Woleslagle failed to report to the probation office as scheduled.**

On December 2, 2024, this officer met with Mr. Woleslagle for his initial sign on visit. Mr. Woleslagle was given a follow up office visit for January 7, 2025. On December 13, 2024, this officer completed an initial home visit with Mr. Woleslagle. During the visit, this officer reminded him of his office visit on January 7, 2025. On January 2, 2025, this officer conducted a home visit at Mr. Woleslagle's approved residence and left an order to report at the residence for January 7, 2025. This officer also left voicemails and sent text messages to Mr. Woleslagle reminding him that he needed to report on January 7, 2025. All texts and phone calls went unreturned, and Mr. Woleslagle failed to report as instructed on January 7, 2025.

Case 1:25-mj-00581-KBM Document 7 Filed 03/31/25 Page 6 of 9
Case 3:22-cr-00118-KDM Document 37 Filed 03/21/25 Page 6 of 5

Re: Woleslagle, Justin
Docket No: 3:22CR118

**Violation #4:** Justin Woleslagle allegedly violated the special condition requiring him to participate in a program of testing, treatment and medication compliance for alcohol and controlled substance abuse, as directed by the U.S. Probation Office. Mr. Woleslagle has failed to engage in treatment at Nova Behavioral Health, missing groups on December 23, 2024, December 26, 2024, and January 2, 2025. Additionally, Mr. Woleslagle missed individual sessions on December 10, 2024, December 27, 2024, and January 2, 2025.

Mr. Woleslagle has not attended any session at Nova Behavioral Health since December 23, 2024.

**PART B. ADJUSTMENT TO SUPERVISION**

Mr. Woleslagle commenced his 3-year term of supervised release on November 25, 2024. Since commencing his term of supervision, he has been in noncompliance with his conditions of supervision.

On December 2, 2024, Mr. Woleslagle reported to the probation office for his initial sign on visit. During the visit, Mr. Woleslagle provided a urine screen that tested positive for Amphetamines and Methamphetamine. This officer referred Mr. Woleslagle to Nova Behavioral Health for mental health and substance abuse treatment. Mr. Woleslagle was scheduled for an initial assessment at Nova Behavioral Health on December 10, 2024.

On December 10, 2024, Mr. Woleslagle missed his assessment appointment. Mr. Woleslagle was rescheduled for December 11, 2024. Mr. Woleslagle attended his assessment appointment on December 11, 2024, and during the assessment, Mr. Woleslagle submitted to a urine screen. The urine screen tested positive for Norfentanyl, Suboxone, Amphetamines and Methamphetamine. Mr. Woleslagle was placed in Nova's intensive outpatient treatment program.

On December 13, 2024, this officer met with Mr. Woleslagle at his address of 7371 Colegrove Drive. During the visit, this officer also met with Jessica Gerlach, Mr. Woleslagle's roommate. Mr. Woleslagle submitted to a urine screen during the visit and tested positive for Amphetamines, Methamphetamine and Cocaine. This officer encouraged Mr. Woleslagle to attend his groups and individual sessions at Nova to address his current substance abuse issues. This officer also reminded Mr. Woleslagle of his next office visit on January 7, 2025.

On December 18, 2024, this officer received a text message from Mr. Woleslagle indicating that he had court the following morning to address his outstanding warrant out of Clark County. Mr. Woleslagle also noted that he had an appointment with Nova that afternoon. This officer verified through the Clark County Clerk's website that he failed to attend court on December 19, 2024.

Mr. Woleslagle attended his appointments at Nova on December 18, 2024, and December 23, 2024. However, he has failed to attend any groups or individual sessions since December 23, 2024. This officer has attempted to reach out to Mr. Woleslagle on multiple occasions through text and phone calls. This officer also attempted a home visit on January 2, 2025, where this officer made contact with Ms. Gerlach, Mr. Woleslagle's roommate. During the visit, she informed this officer that Mr. Woleslagle had not been home for about two weeks, and she had been unable to get in contact with him.

On January 7, 2025, Mr. Woleslagle failed to report for his scheduled office visit. This officer attempted to call and text him, however all attempts to contact him went unreturned.

Re: Woleslagle, Justin
Docket No: 3:22CR118

## PART C.  SENTENCING OPTIONS

**Grade of violations:** C

**Criminal History Category:** IV

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | Count 1: Up to 2 years<br>Count 2: Up to 2 years | Count 1: 6-12 Months<br>Count 2: 6-12 Months | 6 months imprisonment on each count concurrent |
| **Supervised Release:** | Count 1: Up to 3 years (less any imprisonment imposed on revocation)<br><br>Count 2: Up to 3 years (less any imprisonment imposed on revocation) | Count 1: Up to 3 years (less any imprisonment imposed on revocation)<br><br>Count 2: Up to 3 years (less any imprisonment imposed on revocation) | None |
| **Probation:** | Ineligible | Ineligible | None |

**Notes:** Pursuant to 18 U.S.C. § 3583(e)(3), if the defendant is found to have violated supervised release, the Court may revoke a term of supervised release and require the defendant to serve **not more than five (2) years imprisonment for Class C and Class D felonies**, without credit for time previously served on supervised release.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute, **up to 3 years in this case, less any term of imprisonment that was imposed upon revocation** of supervised release [18 U.S.C. § 3583(h)].

The Probation Department conducted an analysis of Mr. Woleslagle to assess his eligibility for a reduction in his criminal history category as a result of Amendment 821A. The Probation Department does not believe Mr. Woleslagle is eligible for a reduction in his criminal history category. Even though he was assessed two criminal history points pursuant to U.S.S.G. § 4A1.1(d) in the presentence report, at sentencing, the guideline amendment was taken into account and his criminal history category was reduced from V to IV.

**Criminal Monetary Penalties:**

|  | **Originally Imposed** | **Current Balance** |
|---|---|---|
| **Fine:** | $ 0.00 | $ 0.00 |
| **Restitution:** | $ 6,500 | $ 6,500 |
| **Special Assessment:** | $ 200.00 | $ 175.00 |

**Voluntary Surrender:** Due to Mr. Woleslagle's failure to maintain contact with the probation department and his noncompliance, he appears to be a danger to the community and a flight risk. Therefore, voluntary surrender is not recommended.

## PART D. RECOMMENDATION

Mr. Woleslagle is alleged to have violated his supervised release by testing positive for illicit substances, failing to live at his approved address, failing to attend treatment at Nova Behavioral Health and failing to report to the probation office as instructed. In the brief time that Mr. Woleslagle has been on supervision, he has continued to demonstrate the same behaviors that resulted in his original offense. Mr. Woleslagle appears unwilling to address his addiction at this time and do the hard work required to get clean and sober. This officer believes since Mr. Woleslagle was released from imprisonment and immediately returned to the use of illicit substances, negative behaviors, and association with negative peers, that incarceration is the only viable option at this time. A sentence of imprisonment will protect Mr. Woleslagle from himself and the community.

Based on the above information, it is respectfully recommended the Court issue a warrant for Mr. Woleslagle, and once arrested he appear and show cause why his supervised release should not be revoked. If Mr. Woleslagle is found in violation of his supervised release, it is respectfully recommended his supervised release be revoked and he be sentenced to **6 months imprisonment. It is further recommended that no additional term of supervised release be imposed.**

The probation officer considered the factors set forth in 18 U.S.C. § 3553(a) and Chapter 7 of the Sentencing Guidelines in making this recommendation

Respectfully submitted,                                   Reviewed & Approved,

*Eric Dern*   1/9/2025                                    *Laura A. Sebulsky*   1/9/2025

Eric Dern                                                 Laura Sebulsky
U.S. Probation Officer                                    Supervising U.S. Probation Officer
(937) 512-1477                                            (937) 512-1473

Case 1:25-mj-00581-KBM   Document 2   Filed 03/31/25   Page 9 of 9
Case: 3:25-mj-00031-MJN Doc #: 10 Filed: 02/10/25 Page: 9 of 9 PAGEID #: 161

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| United States of America | ) |
| v. | ) |
| Justin Woleslagle | ) Case No. 3:22-cr-118 |
| | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Justin Woleslagle,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☑ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Date: 01/10/2025

s/ Michael J. Newman
*Issuing officer's signature*

City and state: Dayton, Ohio

Hon. Michael J. Newman, U.S. District Judge
*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*